UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.

09CR80S

**Report
&
Recommendation**

STEFFON DICKERSON also known as
Dayshawn Dickerson,

Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 7). The instant matter before the Court is that portion of defendant's omnibus motion seeking dismissal of the Indictment (Docket No. 9).

## BACKGROUND

Defendant is charged with two counts of possession, on or about July 14, 2008, of 5 grams or more of cocaine base (also known as crack cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 844(a) (Docket No. 1, Indict.).

Defendant seeks dismissal because he concludes that there was not legally sufficient evidence presented to the Grand Jury (Docket No. 9, Def. Atty. Memo./Affirm. at 2). In particular, he seeks dismissal of Count One of the Indictment because, although it appears defendant was in possession of an off-white substance, there was no evidence showing his intention to distribute it (id.).

**DISCUSSION**

"An Indictment returned by a legally constituted and unbiased grand jury . . . if sufficient on its face, is enough to call for a trial on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 350 U.S. 359, 409 (1956) (Docket No. 11, Gov't Response at 3). To comport with Federal Rules of Criminal Procedure and constitutional requirements, an Indictment must contain all elements of the offense so as to fairly inform the defendant of the charges against him and enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense, see Hamling v. United States, 418 U.S. 87, 117 (1974). Generally, recital of the words of the criminal statute itself is sufficient so long as those words "'set forth all the elements necessary to constitute the offense intended to be punished,'" id. (internal quotation omitted).

I.   Legally Sufficient Evidence Before the Grand Jury

Defendant makes only a generic reference to the sufficiency of the evidence before the Grand Jury without stating what needed to be presented to support the charges ultimately alleged. He does not allege any element of the offenses is omitted from this Indictment. Thus, this ground for relief should be **denied**.

II.  Dismissal of Count One on Intention to Distribute

Defendant next contends that the evidence to date shows that he did not possess enough crack cocaine to manifest an intention to distribute (Docket No. 9, Def. Memo./Affirm. at 2-3). The Indictment sets forth the elements of possession with intent to distribute and defendant's arguments about the quantity are best addressed at trial. Defendant's motion to dismiss Count 1 should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss the Indictment and Count 1 thereof (Docket No. 9) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
　　　　July 8, 2009