UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

|  |  |  |
|---|---|---|
|  |  | **Hon. Hugh B. Scott** |
|  | v. |  |
|  |  | 09CR80S |
|  |  |  |
|  |  | **Order** |
| STEFFON DICKERSON also known as Dayshawn Dickerson, |  |  |
|  | Defendant. |  |

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 7).

The instant matter before the Court is the defendant's omnibus motion (Docket No. 9) which seeks the following relief: suppression hearing, bill of particulars, early disclosure of Jencks Act materials, disclosure of identity of informants, production of Brady material and Federal Rule of Evidence 404 evidence. That portion of the omnibus motion seeking dismissal of the Indictment (id. at 2) will be considered in a separate Report & Recommendation.

The Government has filed responding papers (Docket No. 11) and oral argument was heard on June 19, 2009 (Docket No. 14).

## BACKGROUND

Defendant is charged with two counts of possession, on or about July 14, 2008, of 5 grams or more of cocaine base (also known as crack cocaine), in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 844(a) (Docket No. 1, Indict.).  The Government

contends that, a confidential informant disclosed to a Niagara Falls, New York, police officer that

"Day Day," a crack cocaine dealer had called the informant and asked him to drive him to an

address in Niagara Falls where "Day Day" had sold crack cocaine (Docket No. 11, Gov't

Response, Aff. of Det. Thomas Rodriguez, ¶ 3).  "Day Day" told the informant that "Day Day"

would have crack he intended to sell as the informant drove him to that address (id.).  The

informant called Detective Thomas Rodriguez of the Niagara Falls police department,

confirming that "Day Day" was in the informant's car, that it was heading to a particular street

and that "Day Day" had crack cocaine on his person (id. ¶ 5).  Detective Rodriguez with other

Niagara Falls police officers then stopped that vehicle, where the front seat passenger was

identified as the defendant (id. ¶¶ 6, 7).  Defendant was asked to step out of the car and "a

prominent bulge" was seen in one of his socks (id. ¶ 7).  Defendant was then patted down and the

item creating the bulge in his sock was identified as a plastic bag containing a substance

Detective Rodriguez identified as crack cocaine; defendant then was arrested (id. ¶¶ 7, 8).

**DISCUSSION**

I.      Suppression

Defendant argues that there was no reasonable suspicion that a crime was afoot when the

car defendant was riding was stopped, since the purported Vehicle and Traffic Law stop was

without merit and any evidence subsequently obtained is the fruit of the poisoned tree (Docket

No. 9, Def. Motion at 4).  He argues that there was no probable cause to detain or search

defendant (id. at 4-5).  He denies that the drugs found were in plain view and asserts that his

reasonable expectation of privacy as to his person was violated (id. at 5-6).  Since the

Government used a confidential informant as the basis for investigating defendant, the informant's credibility is at issue.

The Government argues that there is no issue of fact, hence no need for an evidentiary hearing.

A suppression hearing **is warranted here**. This hearing will be scheduled in a separate Order.

II.     Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial, United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment and the Government's disclosure (see Docket No. 11, Gov't Response at 4-5, Ex. Rodriguez Aff.), the Court finds that defendant **is not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy. This portion of his motion is **denied**.

III.    Disclosure of Jencks Material

Defendant next seeks immediate disclosure of material subject to the Jencks Act,

18 U.S.C. § 3500 (Docket No. 9, Def. Motion at 7-8), and seeks disclosure prior to trial (id. at 8).

The Government states that it produced some Jencks Act material within the produced Niagara

Falls police file (Docket No. 11, Gov't Response at 9).  The sole witness before the Grand Jury,

if called to testify at trial, will be identified to the defense pursuant to the Trial Judge's Order (id.

at 9-10).

The Jencks Act governs the disclosure of information and statements relating to the

Government's witnesses.  Generally, according to the Jencks Act, the Government need not

disclose such information regarding its witnesses until after the witness has testified at trial.  In

this case, the Government has agreed to disclose this information at the pretrial conference

pursuant to the District Judge's direction.  The defendant has not established that prior disclosure

of Jencks material is essential to the preparation of a defense in this case.

IV.    Disclosure of Informant Information

Next, defendant seeks disclosure of the name of informant used by the Government to

investigate this case (Docket No. 9, Def. Motion at 8-9), offering alternatively to have an in

camera review of this material (id. at 9).  The Government argues that defendant has failed to

articulate how this testimony would assist in his defense (Docket No. 11, Gov't Response at 11).

The Government is not required to furnish the identities of informants unless it is

essential to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v.

Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988).  Nor does Rule 16

require the Government to disclose the names of witnesses prior to trial.  United States v. Bejasa,

4

904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). The Court may order such

disclosure but should do so only when "a specific showing that disclosure is both material to the

preparation of the defense and reasonable in light of the surrounding circumstances," Bejasa,

supra, 904 F.2d at 140.

In Bejasa, the court distinguished the situation where the undisclosed Government

informant would be a surprise witness to the defense, that the defendant in that case knew of the

Government witnesses and their addresses from previous encounters with them (but the

Government refused to furnish their addresses and telephone numbers upon defense request), id.

at 139-40. The defendant there failed to move to compel that disclosure and did not make a

"specific showing," id. at 140 (emphasis in original deleted) that disclosure of more than their

identities would be material to his defense, id. In Roviaro, the Court held that the informant was

the sole witness that would amplify or contradict the government's witnesses as to defendant's

conduct, 353 U.S. at 64, although Justice Clark in dissent noted that defendant knew the identity

of the informant, id. at 66.

Here, defendant has not demonstrated a particularized need, beyond the fact that the

confidential informant is a participant or witness to the alleged offense, to warrant identifying the

informant. Defendant's motion on this ground is **denied**.

V.      Brady Materials

Defendant has requested that the Government disclose all materials potentially favorable

to each of them, including information to be used for the impeachment of the Government's

witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket

No. 9, Def. Motion at 9). Brady material, as those cases have come to define it, includes all

evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that no such material exists (Docket No. 11, Gov't Response at 11-12).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this District (prior to trial so long as it is disclosed in sufficient time for

the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

VI.     Rule 404 Evidence

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 9, Def. Motion at 9).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government states that it is not aware of any Rule 404(b) evidence but it learns, prior to trial, of any it reserves its right to use other acts evidence pursuant to that rule (Docket No. 11, Gov't Response at 12).  The Government shall therefore notify defendant of its intentions in this regard pursuant to the schedule set forth in the District Court's pretrial Order.

## CONCLUSION

For the reasons stated above, defendant's omnibus motion (Docket No. 9) is **granted in part, denied in part** as detailed in the Order.  The Court will separately schedule the suppression hearing.

So Ordered.

/s/ Hugh B. Scott
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        July 8, 2009